## JONES *v.* MADDOX.

5-1339                                  305 S. W. 2d 548

Opinion delivered October 7, 1957.

*George Edward Thiel,* for appellant.

*Howard A. Mayes,* for appellee.

GEORGE ROSE SMITH, J. This is a contest of the will of Margaret Maddox, who died in 1956 at the age of eighty. By the will in question, which was signed on April 1, 1954, Mrs. Maddox bequeathed one dollar to her only son, the appellee C. B. Maddox, Jr., and divided the rest of her estate, valued at about $5,500, equally among her three daughters. The appellee successfully resisted the probate of the will, the trial court finding that the testatrix lacked mental capacity and that the facts pointed to undue influence on the part of the oldest daughter, the appellant Charline Jones. In the view we take it is necessary to consider only the issue of testamentary capacity.

About a dozen witnesses testified for each side and expressed the divergence of opinion that is usually found in cases of this kind. On the whole the better opportunity for observation of the testatrix lay with the contestant's witnesses, who included C. B. Maddox, Jr., and his wife, several neighbors of the decedent, two police officers, and the only physician to testify. Their testimony tends to show that Mrs. Maddox was mentally confused and unable to look after business affairs during the last five or six years of her life. She could not remember people she had known all her life and was unable to find her way about in the city of Paragould, where she had lived for years. Several witnesses, including the police, describe Mrs. Maddox's delusion that her son was stealing from her and had taken locks, hinges, boards, furniture, etc., from her house. Dr. Alfred Maddox, a nephew of the decedent, had treated her for high blood pressure and hardening of the arteries. He thought that in 1954 his aunt was not completely competent and needed a guardian most of the time in the handling of her affairs. Twelve months after the execution of the will Mrs. Maddox was judicially found to be incompetent and was placed under the care of a guardian.

The appellant's proof in support of the will consists largely of the testimony of four business acquaintances of the decedent. These witnesses include the Memphis attorney who prepared the will and one of three local

bank employees who witnessed its execution. It was the belief of these witnesses that Mrs. Maddox was mentally competent to make a will. Objections were sustained to the opinions of the other two witnesses to the will, as well as to other testimony offered by the appellant, and the record does not show what the excluded testimony would have been. The trial judge commented on the fact that the appellant herself did not testify and objected to the testimony of one of her sisters, who had been called as a witness by the appellee.

The basic question presented by this appeal is whether the probate court's finding of testamentary incapacity is against the weight of the evidence. We have studied the testimony with care and cannot say that the trial court was wrong in refusing to admit the will to probate.

Affirmed.